**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MICHAEL REILLY,

                Plaintiff,

-vs-                                            Case No. 2:05-cv-330-FtM-33SPC

WACHOVIA BANK,

                Defendant.
_____

**REPORT AND RECOMMNEDATION**

      This matter comes before the Court on the Plaintiff's Motion to Proceed Without Prepayment of Filing Fees or Costs (Doc. #2) filed on July 11, 2005. The Plaintiff seeks to proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious;" fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that it lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

      In accordance with 28 U.S.C. §1915, this Court will first examine the Plaintiff's Complaint in its entirety. The Court recognizes that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) under a less stringent standard. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002).

The Plaintiff alleges that he had a written contract with Wachovia Bank but presents no indication that Wachovia entered into a contract with him other than his own conclusory allegation that a letter he sent to the Defendant requesting funds constituted a written contract between the parties. He merely states that he wrote a letter to Wachovia, had it witnessed by Deputy D. Marco, a guard at the facility where he is incarcerated, and asked that a money order be sent to his jail trust account. He states the money was never sent and now demands specific performance of the contract.

A pleading that sets forth a claim of relief should consist of a "short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P 8(a). A complaint should not consist of vague and conclusory allegations but should clearly state a cause of action and how the named defendants are involved in the alleged claims. The Complaint should also include specific facts as to the injuries pertaining to the Plaintiff, and not to others. Furthermore, the Plaintiff must also state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the pleading.

As liberal as the Federal Rules are concerning pleadings, something more than conclusory allegations must be made to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987) (citing Conley v. Gibson, 355 U.S. 41, 47. 78 S. Ct. 99, 2 L. Ed 2d 80 (1957)). The Plaintiff never presents any factual allegations that the Defendant agreed to enter into a contract with him. He never states who agreed to the terms of the contract, and failed to included any details of the agreement in his Complaint. Thus, the Complaint fails to sufficiently allege facts upon which a cause of action for breach of contract and specific performance may be based against the Defendant. See Citizens Mortgage Coproration (U.S.A.), Inc. v. Investors Mortgage Insurance Company, 706 F. Supp. 819,

823 (M.D. Fla. 1989) (dismissing the amended complaint because the Plaintiff never established that an agreement had been reached because he never alleged any details of the contract such as the terms of the agreement, when the defendants assented to the agreement, and who actually made the agreement).

The Plaintiff further alleges that the account may be the subject of fraud and illegal conversion by another but makes no allegation as to who the other might be. The Federal Rules state that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Plaintiff's allegation that the account may be the subject of fraud without stating who committed the fraud and how the alleged fraud occurred is simply not sufficient to meet the particularity requirement found in Rule 9.

Therefore, after a thorough review of the complaint, the Court finds that the Plaintiff's Complaint is frivolous, that he failed to state a claim upon which relief may be granted, and failed to present any evidence or law that would support his allegations. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (holding that an IFP complaint is frivolous [under § 1915(d)] where it lacks an arguable basis either in law or fact). As stated in Neitzke, a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)(internal citations omitted)(quoting Neitzke v. Williams, 490 U.S. 319 (1989)). As result, the Court finds that the Plaintiff's Complaint (Doc. #1)

in its current state fails to meet the requirements of Fed. R. Civ. P. 8(a) and 9(b) and thus, it is respectfully recommended that the Plaintiff's Complaint should be dismissed without prejudice.

The Plaintiff's application for IFP is based upon his claim that his only source of income is derived from Social Security Disability Income and therefore is not subject to any law of garnishment or forfeiture. The Plaintiff's claim lacks merit. While it is true that Social Security benefits are not subject to garnishment or forfeiture, the Court's filing fee is not a garnishment or forfeiture upon the Plaintiff's income. Garnishment is defined as: " [a] judicial proceeding in which a creditor (or potential creditor) asks the court to order a third party who is indebted to or is bailee for the debtor to turn over to the creditor any of the debtor's property (such as wages or bank accounts) held by that third party. *Black's Law Dictionary* 702 (Bryan A. Garner ed., 8th ed., West 2004) (hereinafter *Black's*). Forfeiture is defined as "the divestiture of property without compensation. 2. The loss of a right, privilege, or property because of a crime, breach of obligation or neglect of duty." *Black's* at 677. The Plaintiff willing choose to file the current action with this Court. This Court has a filing fee requirement that is imposed on all plaintiffs absent a showing of indigence. No debtor action has been taken against the Plaintiff, no property has been seized and the Plaintiff failed to provide the Court with and affidavit of indigence. Thus, the Plaintiff's application for IFP is without merit.

Accordingly, it is now

**RECOMMENDED:**

The Motion to Proceed Without Prepayment of Filing Fees or Costs (Doc. #2) should be **DENIED**. It is further recommended that the Plaintiff's Complaint (Doc. # 1) should be

**DISMISSED without prejudice** for failing to properly state a claim upon which relief can be granted.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** Fort Myers, Florida, this __22nd__ day of August, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record